UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kim Blandino,<br><br>    Petitioner<br><br>v.<br><br>Tamrah Jackson, *et al.*,<br><br>    Respondent | Case No.: 2:24-cv-02271-APG-MDC<br><br>**Order Denying Motion to Disqualify and Directing Service of the Petition** |

    Kim Blandino has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He has paid the filing fee. *See* ECF No. 1-1. It appeared from Blandino's initial filing that he was not in custody under the judgment of conviction he is challenging at the time he filed this petition. So I directed him to file proof that he was in custody at the time he filed this petition. ECF No. 4; 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

    In response, Blandino filed a motion to disqualify me. ECF No. 5. Disqualification is required if a party demonstrates that that the judge's impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or the judge has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Recusal is required only if the judge's bias is 1) directed against a party; 2) stems from an extrajudicial source; and 3) is such as a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned. *Liteky v. U.S.*, 510 U.S. 540, 545–546 (1994); *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *U.S. v. Bell*, 79 F.Supp.2d 1169, 1173 (E.D.Cal. 1999). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. *Nilsson, et al., v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988). A motion to disqualify a judge under § 455 is decided by the judge whom the

moving party wishes to disqualify. *In re Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). So I will decide the motion.

Blandino argues that I issued the show cause order because I am biased against him. ECF No. 5. He states that early in the COVID-19 pandemic he was observing proceedings in my courtroom without wearing a mask. Chief United States District Judge Miranda M. Du had signed Temporary General Order 2020-08, which required everyone inside a courtroom to wear a face covering. While not entirely clear, it appears that I asked Blandino to leave the courtroom because he refused to wear a mask. Blandino now contends that I issued the show cause order in this case because I am "furious with rage" and therefore biased against Blandino due to the mask incident. ECF No. 5 at 6.

Blandino has not met the requirements for recusal or disqualification. Nothing in the record demonstrates that I knew Blandino's identity at the time of the incident or knew that he was the same person litigating this petition. I only vaguely recall the incident, and I could not pick Blandino out of a lineup today. I did not create the mask mandate and was simply enforcing a District-wide order. I reject the baseless claim that I violated the Judicial Code of Conduct by enforcing the order. I also note that I have not made any rulings in this case; I merely directed Blandino to demonstrate whether or not he was in custody at the time he filed the petition. No reasonable person would conclude that my impartiality might reasonably be questioned on these facts. I deny the motion to disqualify.

Blandino includes in his motion to disqualify a response to the show cause order. *See id*. at 13-14. He states that he filed this federal petition on the morning of December 9, 2024 and the state district court did not file the order discharging him from probation until later that day. He points to the federal docket, which reflects that the court did receive payment for the filing of the

petition on December 9, 2024 at 9:52 a.m. ECF No. 1-1.  Blandino has now provided a copy of the state court order honorably discharging him from probation that shows that it was filed at 5:49 p.m. on December 9, 2024. ECF No. 5, Exh. 3 at 29.  As it appears that Blandino was in custody at the time he filed the petition in this case, I decline to dismiss the petition.  I have now reviewed the petition under Habeas Rule 4, and I direct that it be docketed and served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware.  If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).  If Blandino is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

I THEREFORE ORDER that the petitioner's motion to disqualify **(ECF No. 5) is denied**.

I FURTHER ORDER the Clerk of Court to electronically SERVE the petition (ECF No. 1) on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by the petitioner by motion otherwise being subject to the normal briefing schedule under

the local rules. Any response filed is to comply with the remaining provisions below, which are entered under Habeas Rule 5.

I FURTHER ORDER that any procedural defenses raised by the respondents in this case be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

I FURTHER ORDER that Blandino has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by the respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

I FURTHER ORDER that any additional state court record exhibits filed by any party be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

I FURTHER ORDER that the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless requested by the court**.

DATED this 5th day of February, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE